Raoul Pierce GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 42219.

Court of Criminal Appeals of Texas.

July 16, 1969.

848

William G. Brown, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is wearing a mask in a public place; the punishment, a fine of $100.00.

Article 454a, Vernon's Ann.P.C., as construed by this court in Anderson v. State, 113 Tex.Cr.R. 450, 21 S.W.2d 499 reads as follows:

"If any person shall go into or near a public place masked, he or she shall be guilty of a misdemeanor, and upon conviction fined in any sum not exceeding $500.00 or imprisonment in the county jail not exceeding twelve months, or by both such fine and imprisonment provided this article shall not apply to private or public functions, festivals or events not fostered, caused or presented by any secret society or organization." Acts 1925, 39th Leg., ch. 63, p. 213, Sec. 1.

The facts in the case at bar are that the appellant, a male, was arrested in a public thoroughfare dressed in a woman's dress, high heel shoes, wearing a brassiere with falsies and a wig with rouge and lipstick on his face.

A portion of the caption of the 1925 Act prohibiting certain acts reads as follows:

(e) "The parading of any secret society or organization or a part of the members thereof, when masked or disguised upon or along any public road, or any street, or alley of any city or town of this state, and declaring equally guilty other members of such society who aid, abet or encourage such parading, and declaring them to be offenses; and defining and fixing penalties for violation of the provisions of this Act, and declaring an emergency."

From this it is apparent that it was the intent of the Legislature to prohibit the wearing in public of any hood or device which would prevent the identity of the wearer from being known.

The State contends that Webster's New World Dictionary of the American Language (1968 Edition) defines the word mask as "a masquerade". Since the arresting officer testified that he had no difficulty in identifying appellant's face either with or without the wig and other sartorial embellishments the purpose of the statute has not been met and the judgment cannot be affirmed.

Because of the insufficiency of the evidence to support a conviction under this act, the judgment is reversed and the cause remanded.